UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINIDAD GOMEZ, | 1:10-cv-00182-OWW-JLT HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF |
| v. | HABEAS CORPUS PURSUANT (Doc. 1) |
| FERNANDO GONZALEZ, | ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition on February 4, 2010. (Doc. 1). In it, Petitioner challenges a 2006 conviction in the Kern County Superior Court, raising a single claim of a violation of the Sixth Amendment's confrontation clause. (Doc. 1, p. 1). In that petition, Petitioner acknowledges that he has previously challenged his 2006 conviction in a habeas petition in case number 1:08-cv-01450-AWI-JLT, which is still pending in this Court.

Case number 1:08-cv-01450-AWI-JLT, filed on April 14, 2009, also challenges Petitioner's 2006 Kern County convictions, raising three issues: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; and (3) illegal search and seizure of evidence. In that earlier petition, the Court ordered Respondent to file a response on April 17, 2009, and Respondent

filed the Answer on August 5, 2009. Petitioner filed no Traverse. Accordingly, this case has been ready for a decision on the merits since September 2009. In this petition, Petitioner requests that the Court consolidate the two cases and allow his new claim to proceed along with the three earlier claims from the first petition.

**DISCUSSION**

In Woods v. Carey, 525 F.3d 886 (9th Cir. 2008), the Ninth Circuit held that, under certain circumstances, if a pro se petitioner files a habeas petition during the pendency of a previous petition, the district court should construe the second petition as a motion to amend the previous petition. Woods, 525 F.3d at 889-890. Hence, Woods appears to require the Court to construe a "second or successive" petition filed, as is the case here, while an earlier petition is still pending in the district court, as a motion to amend the earlier petition.

So construing the petition, the Court must now address whether to permit the amendment contained in the most recent petition. A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases. Calderon v. United States District Court (Thomas), 144 F.3d 618, 620 (9th Cir. 1998); Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Leave of Court is required for all other amendments. Rule Civ. P. 15(a). Here, Respondent had already filed an answer in case number 1:08-cv-01450-AWI-JLT four months before Petitioner filed the instant petition. Thus, leave of Court is required for any amendment in that case.

In deciding whether to allow an amendment, the Court may consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." Bonin v. Calderon, 59 F.3d 815, 844-45 (9th Cir.1995) (applying Rule 15(a) in a habeas case). Here, Petitioner's construed motion to amend fails to meet the first three of these criteria. In the earlier case, Petitioner's original petition contained all three claims that are at issue in the first case as well as the claim raised in this case, i.e., the Sixth Amendment violation. However, the Court's initial review of the original petition in the first case suggested that the Sixth Amendment claim had not been exhausted in state court. Accordingly, the Court ordered Petitioner

to file an amended petition either presenting evidence that he had exhausted the Sixth Amendment claim or amending his petition to include only fully exhausted claims. Petitioner complied by filing an amended petition containing only the three exhausted claims.

Petitioner did not seek to stay the proceedings in order to exhaust the Sixth Amendment claim. To the contrary, on April 14, 2009, Petitioner filed a request to *withdraw* his request for a stay that he had made earlier. This earlier request for a stay was based upon Petitioner's stated intention to exhaust the Sixth Amendment claim. Nevertheless, as a basis for withdrawing the request for stay, Petitioner indicated that he had changed his mind about exhausting the claim and asserted, "Petitioner . . . **wishes not to exhaust the unexhausted claim** in the California Supreme Court so that the enclosed [amended] petition can go forward and be answered on its merits." [Doc. 15 (Case no. 1:08-cv-01450-AWI-JLT), emphasis added.]

Despite his representation to the Court that he did *not* wish to exhaust the Sixth Amendment claim, it appears now that Petitioner commenced exhaustion procedures by filing his first state petition alleging the Sixth Amendment claim in the Tulare County Superior Court on July 6, 2009. This was nearly a month *after* this Court granted his motion to withdraw his request for a stay. [Doc 26 (Case no. 1:08-cv-01450-AWI-JLT)] Petitioner continued his exhaustion process until the California Supreme Court denied his state petition on the Sixth Amendment claim on January 13, 2010. A month later, Petitioner filed the instant federal petition, his second, and included a request to consolidate the two cases, i.e., effectively attempting to amend the earlier petition to include the Sixth Amendment claim. Throughout this time, Petitioner did not notify the Court that he was pursuing exhaustion of this claim nor did he seek any relief from the Court.

Plaintiff affirmatively mislead the Court in the earlier case by asserting that he was not going to exhaust the Sixth Amendment claim and then by attempting to circumvent the rules for amending his habeas petition by filing a new petition, which included the newly exhausted claim, and asking to have it consolidated with his earlier matter. By all of these actions, Petitioner has shown a lack of good faith. Moreover, Petitioner has provided no satisfactory explanation for why he waited until February 4, 2010 to file his new petition when the prior petition had been ready for a decision since September 2009. Although it is now clear that Petitioner was exhausting his Sixth Amendment

claim during this period, a petitioner acting in good faith would not have mislead the Court about his intention to exhaust his claim, would have advised the Court of his efforts toward this end and would have renewed his request to stay the proceedings in the earlier case in order to complete the exhaustion process.

To the contrary, while Respondent was preparing his Answer to the three exhausted claims in the earlier petition, and while Respondent was gathering and assembling state court records for lodging in this Court, Petitioner was quietly exhausting his Sixth Amendment claim in state court without ever providing either the Court or Respondent with any information about his intentions or his actions. Then, long after Respondent had submitted what he justifiably believed was an Answer addressing **all** of Petitioner's claims on the merits, Petitioner comes into this Court with a new petition and a new claim, and seeks to have Respondent address the merits of that claim as well. The Court believes that the inequity in permitting Petitioner to proceed in such a misleading, neglectful and circuitous fashion, and the prejudice that would necessarily result to Respondent, is both obvious and significant.

Respondent was fully justified in believing that, in litigating the merits of Petitioner's claims challenging his Tulare County conviction in case number 1:08-cv-01450-AWI-JLT, Respondent would only have to do so once. Any action by this Court to amend the petition in that case to add the Sixth Amendment claim would effectively require Respondent to litigate Petitioner's conviction twice. Petitioner's claims of ignorance of the law notwithstanding, he has failed to present to the Court reasons sufficient for the Court to require Respondent to litigate Petitioner's conviction a second time.

Therefore, construing the instant petition as a motion to amend, the Court, for all the reasons set forth above, recommends denial of that motion to amend and, consistent with that denial, the dismissal of the instant petition.

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED as follows:

1. That the petition for writ of habeas corpus should be construed as a motion to amend the petition in case number 1:08-cv-01450-AWI-JLT;

2. As construed, Petitioner's motion to amend the claims in case number 1:08-cv-01450-AWI-JLT should be DENIED, and the petition for writ of habeas corpus in this case should be DISMISSED

3. Petitioner's motion to consolidate (Doc. 5), should be DENIED.

This Findings and Recommendations is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 19, 2010**                    **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE